IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MORENO CARBAJAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-2260-K-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

**Applicable Background**

On August 24, 2017, the Court ordered that Jose Moreno Carbajal's *pro se* Motion for Return Property Pursuant to Fed. R. Crim. P. 41(g), filed in his closed criminal action, be construed as a civil complaint under 28 U.S.C. § 1331 and that this new civil action be opened. *See* Dkt. No. 3.

The next day, the undersigned issued an order and notice of deficiency providing that

[b]ecause Plaintiff's motion is properly construed as a civil complaint, he is subject to the provisions of the Prison Litigation Reform Act (the "PLRA"), under which he will be required to pay the $350 filing fee in a lump sum or through installments. This order is entered to determine Plaintiff's right to proceed *in forma pauperis* ("IFP"). And Plaintiff is advised that if he elects to prosecute this action by submitting an IFP motion, he will be responsible for paying the full filing fee even if he later choose to voluntarily dismiss this action. *See, e.g., Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam).

Accordingly, the Clerk of the Court shall mail a copy of this order to Plaintiff along with a form application to proceed *in forma pauperis* – Prisoner.

While no process shall issue except upon further order of the Court, it is hereby ORDERED that Plaintiff shall complete and file the application to proceed *in forma pauperis* – and include a completed certificate of inmate trust account – by **September 25, 2017**.

Failure to comply with this order will result in a recommendation that the complaint be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dkt. No. 5 at 1-2 (emphasis in original); *see also* Dkt. No. 3 at 1 (advising Carbajal that, "[b]ecause the motion is properly construed as a civil action, he will be subject to the provisions of the [PLRA] and will be required to pay the $350 filing fee in a lump sum or through installments" (citing *Peña v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997))).

As of today, it is more than one month past the deadline for Carbajal to comply with the Court's order, and he has yet to do so or otherwise contact the Court.

## Legal Standards and Analysis

Under Federal Rule of Civil Procedure 41(b), "a district court may dismiss an action *sua sponte* if the plaintiff fails to comply with court orders." *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)). The

same rule authorizes a district court to "*sua sponte* dismiss an action for failure to prosecute." *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (citations omitted)). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

By failing to comply with the Court's order, Carbajal has prevented this action from proceeding, and he therefore has failed to prosecute his lawsuit and obey the

Court's order. A Rule 41(b) dismissal of this lawsuit without prejudice is warranted under these circumstances. *Cf. Spencer v. Young Kwon*, No. 5:14-cv-258-RS-GRJ, 2015 WL 737672, at *2 (N.D. Fla. Feb. 20, 2015) (noting that, where leave to proceed IFP is at issue, the filing of a proper motion is "the first step in bringing a federal civil rights case" and that, where that obligation is not fulfilled, "the Court has no choice but to recommend that [an] action be dismissed for failure to comply with an order of the Court and for failure to prosecute the case").

The undersigned further concludes that lesser sanctions would be futile. The Court is not required to delay the disposition of this case until such time as Carbajal decides to comply with the Court's order. Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of a pending case and *sua sponte* dismiss this action without prejudice.

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

-4-

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE